**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4266**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LORENSO OWENS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Richard L. Voorhees, District Judge.  (3:04-cr-00181)

Submitted: December 21, 2006          Decided:  December 29, 2006

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard E. Beam, Jr., HUBBARD & BEAM, Gastonia,  North Carolina, for Appellant.  Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lorenso Owens pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000) (Count 1), and possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k) (2000) (Count 2). The district court sentenced Owens to sixty-three months' imprisonment on Count 1 and sixty months' imprisonment on Count 2, to be served concurrently with one another, two years of supervised release on each count, to be served concurrently with one another, and ordered payment of a $200 statutory assessment.[*] Owens' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Owens' sentence was reasonable. Owens was given an opportunity to file a supplemental pro se brief, but has not done so.

We find to be without merit Owens' challenge to his sentence. In sentencing Owens, the district court considered the properly calculated advisory sentencing guidelines range, along with the other factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and imposed a sentence within the guidelines range. Under these circumstances, we find that Owens' sentence is

---

[*]The probation officer calculated an advisory sentencing guideline range applicable to Owens of sixty-three to seventy-eight months' imprisonment, founded on a total offense level of twenty-two and a criminal history category of IV.

reasonable.  See United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006) (A sentence imposed "within the properly calculated Guidelines range . . . is presumptively reasonable.").

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm Owens' conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED